IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| GRO MASTER, INC., | ) | No. 5:12-cv-004096-MWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT'S BRIEF IN SUPPORT |
| | ) | OF MOTION TO DISMISS OR, |
| FARMWELD, INC., | ) | ALTERNATIVELY, MOTION TO |
| | ) | TRANSFER VENUE |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, MOTION TO TRANSFER VENUE**

David J. Stubstad, AT0007641
Michael F. Coyle (NE #18299)
Patrick S. Cooper (NE #22399)
Robert W. Futhey (NE #24620)
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Fax: (402) 341-8290
ATTORNEYS FOR DEFENDANT FARMWELD, INC.

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 2

II.  BACKGROUND ................................................................................................. 2

III. ARGUMENT ...................................................................................................... 5

   A.   Plaintiff's Complaint should be dismissed because the Court lacks personal jurisdiction over Farmweld. ............................................................... 5

   B.   Plaintiff's Complaint should be dismissed because this Court is an improper venue. ........................................................................................... 7

   C.   Alternatively, the Court should transfer this action to the U.S. District Court for the Southern District of Illinois. ..................................................... 9

IV.  CONCLUSION ................................................................................................ 14

## I.   INTRODUCTION

Defendant Farmweld, Inc. ("Farmweld"), submits this brief in support of its motion to dismiss or, alternatively, motion to transfer venue. Because Farmweld does not have minimum contacts with Iowa, this Court lacks personal jurisdiction over Farmweld and the Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2). In addition, because of the tenuous connections to Iowa, this Court is an improper venue, and the Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, if the Court determines dismissal is not warranted, the Court should transfer the case, pursuant to 28 U.S.C. § 1404, to a more appropriate forum, i.e., the United States District Court for the Southern District of Illinois.

## II.   BACKGROUND

1. This case involves a dispute regarding U.S. Patent No. 6,923,142 (the "'142 Patent"), entitled "Animal Feeder with adjustment of a Feed Discharge Opening,"

which Plaintiff alleges it owns. Plaintiff Gro Master, Inc. has alleged Farmweld has infringed the '142 Patent. (See generally Complaint, Filing No. 2).

2. Plaintiff is a Kentucky corporation with its principal place of business in Omaha, Nebraska. (Id. ¶ 1).

3. Farmweld is an Illinois corporation with its principal place of business in Teutopolis, Illinois, which is located approximately 100 miles east of St. Louis, Missouri, within the geographic boundaries of the Southern District of Illinois. (Id. ¶ 2; Declaration of Francis Brummer ("Brummer Declaration"), ¶ 2).[1]

4. Plaintiff's Complaint generally alleges "Defendant is selling and offering for sale animal feeders covered by said '142 Patent in the State of Iowa within this Judicial District …." (Id. ¶ 7). However, Plaintiff fails to allege any specific information regarding the extent to which Farmweld sells and offers any products in Iowa.

5. Farmweld is registered to do business in Illinois. Farmweld is not registered to do business in Iowa. (Brummer Declaration ¶ 3).

6. Farmweld does not maintain any offices, employees, or telephone listings in Iowa. All of Farmweld's employees are located in Teutopolis, Illinois, except for one who is located in Minnesota. (Brummer Declaration ¶ 4).

7. Farmweld does not pay taxes or maintain any bank accounts in Iowa. Farmweld does not advertise in the yellow pages in Iowa. (Brummer Declaration ¶ 5).

8. Farmweld does not own any real or personal property in Iowa. All of Farmweld's real and personal property is located in Teutopolis, Illinois. (Brummer Declaration ¶ 6).

---

[1] The Court may consider information outside the pleading in the context of a motion to dismiss for lack of personal jurisdiction or improper venue. See Unistaff, Inc. v. Koosharem Corp., 667 F. Supp. 2d 616, 618 (E.D. Va. 2009).

9. The feeder product complained of by Plaintiff was developed by Farmweld at its offices in Teutopolis, Illinois. The product was not developed in Iowa. All marketing and sales decisions related to the product were made at Farmweld's offices in Teutopolis, Illinois. (Brummer Declaration ¶ 7).

10. Farmweld began selling the feeder product complained of by Plaintiff in approximately January, 2012. Since the initial development of the product, Farmweld has received orders for only 632 such feeders. Of the 632 feeders sold, 592 of the feeders have been sold to Illinois customers (93.7%), and only one has been sold to an Iowa customer (less than 0.16%). On information and belief, the Iowa customer purchased the feeder on September 28, 2012, and has a relationship with the Plaintiff. The other 39 feeders have been sold to customers in Indiana (8), Michigan (5), Mexico (22), Missouri (2), Minnesota (1), and Canada (1) (Brummer Declaration ¶ 8).

11. According to Plaintiff's web site, www.growmaster.com, Plaintiff sells its line of products "through building and supply dealers across the United States, Canada, Mexico, South America, and Europe." Plaintiff's web site indicates that it has the following four dealers in Illinois:

   a. Consolidated Building Center, Inc.
      610 South Center
      Forrest, IL 61741

   b. Longhorn Cattle & Swine
      42480 270th Avenue
      Griggsville, IL 62340

   c. Niebrugge Ag Services
      320 West Center Street
      Dieterich, IL 62424

    d.    Nutrition 101
           1400 North 30th Street
           Quincy, IL 62301

(Brummer Declaration ¶ 9, & Exhibit A).

### III.    ARGUMENT

**A.    Plaintiff's Complaint should be dismissed because the Court lacks personal jurisdiction over Farmweld.**

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a Complaint for lack of personal jurisdiction. The plaintiff bears the burden to prove the Court's *in personam* jurisdiction. Epps v. Steward Info. Servs. Corp., 327 F.3d 624, 646-47 (8th Cir. 2003). To withstand a motion to dismiss for lack of personal jurisdiction, "the plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant may be subjected to the jurisdiction of the foreign state." Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008) (citing Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)).

"Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving facts" to support the Court's exercise of personal jurisdiction. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004) (citing Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir.1974)). "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." Dever, 380 F.3d at 1072 (citations omitted); see also Wells Dairy, Inc. v. Food Movers Int'l, Inc., 607 F.3d 515, 518 (8th Cir. 2010).

Where, as here, the Iowa long-arm statute has expanded "Iowa's judicial reach to the widest due process parameters allowed by the United states Constitution," the Court's inquiry is limited to whether the exercise of personal jurisdiction comports with

5
Case 5:12-cv-04096-MWB   Document 19-1   Filed 12/03/12   Page 5 of 15

due process. Wells Dairy, 607 F.3d at 518 (citing Hammond v. Fla. Asset Fin. Corp., 695 N.W.2d 1, 5 (Iowa 2005)).

The United States Supreme Court has held that, in analyzing a motion to dismiss for lack of personal jurisdiction, the "constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985) (citing International Shoe v. Washington, 326 U.S. 310 (1945)). "The non-resident defendant's conduct and connection with the forum state must be such that 'he should reasonably anticipate being haled into court there.'" World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "It is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 475 (quoting Hanson v. Denckla, 357 U.S. 235 (1958)).

A plaintiff must establish either: (1) "specific jurisdiction," by evaluating the nature and quality of the defendant's contacts in relation to the cause of action; or (2) "general jurisdiction," by showing that the defendant has otherwise maintained continuous and systematic contacts with the forum state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). The Eighth Circuit has established a five-part test for determining whether a forum state may exercise personal jurisdiction over a defendant:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Wells Dairy, 607 F.3d at 518 (quoting Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994)).

In the present action, Plaintiff has failed to fulfill its burden in establishing that Farmweld is subject to personal jurisdiction in the courts of Iowa. Farmweld is not registered to do business in Iowa, does not maintain offices in Iowa, and does own any real or personal property in Iowa. As it relates to the feeder product Plaintiff complains about, Farmweld has received only one order from a single customer located in Iowa, constituting less than 0.16% of the total orders Farmweld has received for its feeder product. Because Plaintiff is not an Iowa resident, Iowa has no interest in providing a forum for its residents. And because neither Plaintiff nor Farmweld resides in Iowa, it would be inconvenient for the parties to litigate in Iowa. Accordingly, neither general nor specific jurisdiction exists in this Court, and Plaintiff's Complaint should be dismissed for failing to establish personal jurisdiction over Farmweld.

**B.    Plaintiff's Complaint should be dismissed because this Court is an improper venue.**

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed when it is brought in an improper venue. Fed. R. Civ. P. 12(b)(3). Plaintiff cannot meet its burden of establishing that venue is proper under the venue statute, 28 U.S.C. § 1391(b). See Beckley v. Auto Profit Masters, L.L.C., 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003) ("Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue.") (citing Cohen v. Newsweek, Inc., 312 F.2d 76, 78 (8th Cir.1963)).

First, venue is not proper in this district under section 1391(b)(1). Section 1391(b)(1) provides that venue is proper in a district "where any defendant resides, if all

defendants reside in the same state." 28 U.S.C. § 1391(b)(1). However, Farmweld does not "reside" in this district. Farmweld is an Illinois corporation with its principal place of business in Teutopolis, Illinois. Thus, venue is not proper in this district under Section 1391(b)(1).

Second, venue is not proper under Section 1391(b)(2). Under Section 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…" 28 U.S.C. § 1391(b)(2). Plaintiff's claims in this case arise from the alleged design, marketing, and sale of a product that Plaintiff alleges infringes on the '142 Patent. Plaintiff, which is a Kentucky corporation with its principal place of business in Omaha, Nebraska, does not allege that it designed or developed the '142 Patent in Iowa. Nor does Plaintiff sufficiently allege that Farmweld has marketed and sold its supposedly infringing product in Iowa to an extent that "a substantial part of the events" giving rise to Plaintiff's cause of action occurred in this judicial district. Indeed, of the 632 orders for feeders Defendant has received, only one (i.e., less than 0.16%) of the orders came from Iowa. This single transaction is not a "**substantial** part of the events" giving rise to Plaintiff's claim and cannot form the basis for proper venue in this judicial district, especially when the Plaintiff alleges no other connection between Farmweld and Iowa. Cf. Munns v. Clinton, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) (finding venue improper in California, where the only allegation supporting venue was that a contract related to Plaintiff's claim was executed in California); Rossmann v. Chase Home Fin., LLC, 772 F. Supp. 2d 169, 174 (D.D.C. 2011) (determining venue was improper where the judicial district appeared "to have

almost no connection to this case whatsoever"). None of the relevant events "occurred" in this district. Accordingly, venue is not proper in this district under section 1391(b)(2).

Third, venue is not proper under 28 U.S.C. § 1391(b)(3). Pursuant to section 1391(b)(3), venue is proper in a judicial district "in which any defendant may be found, *if there is no district where the action may be otherwise brought.*" 28 U.S.C. § 1391(b)(3) (emphasis added). Here, Farmweld may not be "found" in the Northern District of Iowa. Further, this action could have been brought in the federal courts of Illinois, where Farmweld resides and where the vast majority of Farmweld's feeders have been sold. Accordingly, venue is not proper in this district pursuant to section 1391(b)(3) and the Court should dismiss Plaintiff's Complaint for improper venue.

**C.      Alternatively, the Court should transfer this action to the U.S. District Court for the Southern District of Illinois.**

Alternatively, if the Court determines Farmweld's Motion to Dismiss should be denied, the Court should transfer this action to the U.S. District Court for the Southern District of Illinois, pursuant to either 28 U.S.C. §§ 1406 or 1404.

Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." If the Court finds venue is lacking in this judicial district, the Court may transfer case to a district court where the case could have been brought. The best location for transfer would be the United States District Court for the Southern District of Illinois, where Farmweld resides and where Farmweld's feeder product that Plaintiff accuses of infringement was developed.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In order to determine whether to grant the proposed transfer, the Court should undertake a two-part analysis. First, the Court must determine whether the proposed transferee district is one where the action might have been brought. See 28 U.S.C. § 1404(a). Second, the Court must conduct a case-by-case evaluation of the particular circumstances before it and consider all relevant factors. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997); see also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) ("A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.").

By its terms, § 1404 provides that courts should consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors." Terra Int'l, 119 F.3d at 691. Other factors to consider include (but are not limited to) judicial economy, the accessibility to records and documents, the location where the conduct complained of occurred, the comparative costs of the parties of litigating in each forum, obstacles to obtaining a fair trial, and the advantages of having a local court determine questions of local law. Id. at 696. The district court has wide discretion in deciding whether to transfer a case under § 1404(a). See id. at 697.

In this case, transfer of the case to the United States District Court for the Southern District of Illinois is appropriate under § 1404. Under the first part of the transfer inquiry, the proposed transferee district must be one where the action might

have been brought. The Southern District of Illinois is such a district, as Defendant resides in that District and a substantial part of the case arose there. See 28 U.S.C. § 1391(b); Terra Int'l, 119 F.3d at 691.

Under the second part of the transfer inquiry, the circumstances of the case favor transferring it to the Southern District of Illinois. First, Iowa is an inconvenient forum in which to litigate for both parties, as neither Plaintiff nor Defendant reside or have their principal place of business in Iowa.[2] Plaintiff regularly conducts business in Illinois and has at least four dealers located in Illinois selling Plaintiff's products. (See Brummer Declaration, ¶ 9).

Second, there is no indication that any substantive witnesses will be called in this case that are located in Iowa. The only possible witness in Iowa would be the sole customer who purchased a feeder product from Farmweld. However, that witness presumably will not have any substantive information related to the design of Farmweld's feeder product that cannot be obtained from any of the 592 Illinois customers. The vast majority of witnesses are found in the Southern District of Illinois, where Farmweld's office and employees are located. As Farmweld's feeder product was developed at its offices in Teutopolis, Illinois, it follows that the witnesses with the most substantive information relating to Farmweld's feeder product will be located in Illinois. Although potential witnesses may also be located in Nebraska where Plaintiff has its principal place of business, the main substantive witnesses for this case are **not**

---

[2] Although the convenience of the parties' attorneys is generally not a factor given much weight in evaluating whether to transfer a case, see Leverage Leasing Co. v. Lincoln Ins. Co., No. 91-0558-CV, 1991 WL 626752, at *3 (W.D. Mo. Sept. 27, 1991), it is worth noting that neither attorney has retained lead counsel residing in Iowa.

located in Iowa. Accordingly, the convenience of the witnesses favors transferring the case to Illinois.

Third, many of the other factors courts consider in determining if the interest of justice would be served by transferring the case also support a transfer to Illinois. As already discussed, none of the parties or substantive witnesses have a connection with Iowa; therefore, the records and documents at issue in this case relating to the '142 Patent and Farmweld's feeder product are less accessible for the purposes of litigating in this Court.

In addition, the conduct of which Plaintiff complains, i.e., that Farmweld is allegedly selling a product that infringes on the '142 Patent, occurred primarily outside of Iowa. Farmweld has sold only one of its feeder products to an Iowa customer, accounting for less than 0.16% of the total orders Farmweld has received for its feeder product. By contrast, 592 of the 632 orders (93.7%) Farmweld has received for its feeder product were placed by customers in Illinois. Clearly, the conduct related to Plaintiff's claim is more closely associated with Illinois.

Further, judicial economy and the advantages of having a local court determine questions of local law also favor transferring the case to Illinois. A court in Iowa, where only one third party has ordered a single feeder from Farmweld (and where such sale was made just before suit was filed to a person with a relationship with Plaintiff), has little interest in deciding this dispute between two foreign companies.

In evaluating the proper forum for patent infringement cases, many courts consider a "center of gravity" approach to determine whether the plaintiff's claim arose in another forum.

> In patent infringement cases, the preferred forum is that which is the center of gravity of the accused activity. … The "center of gravity" for such a claim is in the district court where the alleged infringement occurred. In finding that "center of gravity," a district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." … Appropriate considerations include the location of a products development, testing, research and production [and] the place where marketing and sales decisions were made, rather than where limited sales activity has occurred.

Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co., 524 F. Supp. 2d 628, 632 (W.D. Pa. 2006) (internal quotation marks and citations omitted). The allegedly infringing product was developed, tested, and manufactured by Farmweld at its offices in Teutopolis, Illinois. Sales and marketing decisions related Farmweld's feeder product were made at Farmweld's offices in Illinois. See Brummer Declaration, ¶ 7. The Southern District of Illinois is the "milieu of the [alleged] infringing device and the hub of activity centered around its production." Id.

Other than Plaintiff's choice of forum, there are no other factors that weigh in favor of keeping this action in Nebraska. However, the Plaintiff's choice of forum is entitled to little weight where, as here, there is not a substantial connection between the plaintiff, the lawsuit, and this forum. See Online Payment Solutions Inc. v. Svenska Handelsbanken AB, 638 F. Supp. 2d 375, 381 (S.D.N.Y. 2009) ("As such, a plaintiff's choice of forum should receive greater deference where it appears that there is a *bona fide* connection between the plaintiff or the lawsuit and the forum, or that the plaintiff was sincerely concerned with convenience in choosing that forum, and less deference is warranted when it appears that the choice of forum was motivated by forum shopping.) (citing Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001) (en banc)); see also GMAC/Residential Funding Corp. v. The Platinum Co. of Real Estate

and Financial Servs., Inc., 2003 WL 1572007 (D.Minn. March 13, 2003) (citing 17 Moore's Federal Practice § 111.13[1][c] ("Plaintiff's choice of forum…is given substantially less weight if the 'operative events' giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff…A motion to transfer to the district in which the events occurred is likely to succeed."); Levine v. Arnold Transit Co., 459 F.Supp. 233 (N.D.Ill. 1978) (""Why, under section 1404(a), one side's preference [of forum] should carry greater weight than the other's escapes us…"); Hotel Constructors, Inc. v. Seagrave Corp., 543 F.Supp. 1048 (N.D.Ill. 1982) ("although under the common law doctrine of forum non-conveniens, plaintiff's choice of forum was an overriding factor entitled to considerable weight, the significance of that choice has diminished since the enactment of section 1404(a)"; Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc., 447 F. Supp. 2d 1000, 1004 (D. Minn. 2006); GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs., Inc., CIV. 02-1223, 2003 WL 1572007, at *2 (D. Minn. Mar. 13, 2003).

Plaintiff is not an Iowa resident, resulting in less deference being given to its choice of forum. The tenuous connections of the parties and this case to Iowa warrant transferring the matter to Illinois. As such, Farmweld respectfully requests an Order transferring this case to the United States District Court for the Southern District of Illinois if the Court declines to dismiss the action for lack of personal jurisdiction and/or improper venue.

### IV. CONCLUSION

For the foregoing reasons, Farmweld asks the Court to either dismiss this case for lack of personal jurisdiction or for improper venue. Alternatively, Farmweld requests

the Court transfer this action to the U.S. District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1404 and 1406.

DATED this 3rd day of December, 2012.

FARMWELD, INC.,
Defendant

By /s/ David J. Stubstad
David J. Stubstad, AT0007641
Michael F. Coyle (NE #18299)
Patrick S. Cooper (NE #22399)
Robert W. Futhey (NE #24620)
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Fax: (402) 341-8290
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dennis L. Thomte
Thomte Patent Law Office, LLC
2120 South 72nd Street
Suite 1111
Omaha, NE 68124
(402) 392-2280
thomte@thomtelaw.com

Timothy J. Zarley
Zarley Law Firm, PLC
Capital Square
400 Locust
Suite 200
Des Moines, IA 50309-2350
(515) 558-0200
tzarley@zarleylaw.com

/s/ David J. Stubstad

699647.4